# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF GSAA HOME EQUITY TRUST 2007-6 ASSET-BACKED CERTIFICATES SERIES 2007-6,<br><br>Plaintiff,<br><br>v.<br><br>GILBERT HEREDIA and LORI HEREDIA, ET AL.,<br><br>Defendants. | Case No. 12-cv-00808 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO REMAND CASE** |

The issue before the Court is whether this unlawful detainer action should be remanded to state court. Defendants Gilbert and Lori Heredia removed the action to this Court, invoking federal subject matter jurisdiction under both 28 U.S.C. § 1331, federal question, and 28 U.S.C. § 1332, diversity of citizenship.

Because defendants have not consented to the jurisdiction of a magistrate judge, under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case. The Court orders that this case be REASSIGNED to a District Judge. The Court RECOMMENDS that the action be REMANDED to state court as defendants' notice of removal is procedurally defective and fails to establish federal subject matter jurisdiction.

## I. BACKGROUND

This matter involves a residential unlawful detainer action brought by plaintiff Deutsche Bank against defendants Gilbert Heredia and Lori Heredia in California Superior Court. Defendants purchased the at issue residential property, located in Livermore, California, (the "subject property"), in January 2007. *See* Mot. Remand at 3, Dkt. No. 3. Defendants subsequently defaulted on the note and deed of trust secured by the subject property, which ultimately led to a non-judicial foreclosure sale of the subject property. *Id.* On February 14, 2011, Deutsche Bank purchased the subject property at the non-judicial foreclosure sale, and the Trustee's Deed Upon Sale was recorded on February 24, 2011. *See id.*; *see also* Req. Jud. Not. ("RJN"), Ex. 2 (Trustee's Deed).[1]

On May 2, 2011, Deutsche Bank filed this residential unlawful detainer action against defendants in the Superior Court of California, County of Alameda, *Deutsche Bank v. Heredia*, Case No. VG11573736. RJN, Ex. 1 (Complaint). The complaint contains a single state law cause of action for unlawful detainer and specifically states "The Demand Does Not Exceed $10,000.00." *Id.* Deutsche Banks seeks possession of the property and restitution, an order directing defendants to quit and deliver possession of the property, damages for continued possession of the subject property, and costs. *Id.*

Pro se defendants removed the action to this Court on February 21, 2012. Not. Removal, Dkt. No. 1. Deutsche Bank then filed the pending motion to remand asserting that there are no claims in the pending state action that give rise to federal jurisdiction, and that defendants fail to meet the $75,000 amount in controversy necessary to invoke

---

[1] Plaintiff requests judicial notice of the unlawful detainer summons and complaint, the trustee's deed upon sale, and the order to post and mail summons and complaint. RJN, Dkt. No. 5. Under Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The Court finds these documents to be judicially noticeable and grants plaintiff's request.

federal subject matter jurisdiction based on diversity of citizenship.  Mot. Remand at 2.

## II.  STANDARD OF REVIEW

The federal removal statute, 28 U.S.C. § 1441, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Original jurisdiction may be based on the existence of a federal question or complete diversity of the parties, as set forth in 28 U.S.C. §§ 1331 and 1332.

A motion to remand is the proper procedure for challenging removal.  28 U.S.C. § 1447(c).  Strict construal of the remand statutes means that any doubt about the right of removal requires resolution in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The presumption against removal means that the defendant always has the burden of establishing that removal is proper.").

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  *See United Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## II.  DISCUSSION

### A.  Timeliness

Plaintiff claims the removal was untimely.  A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b).  Here, though defendants' statutory time for filing a notice of removal expired on September 5, 2011, the notice of removal was not filed until February 21, 2012.  *See* Mot. Remand at 4.  Defendants' removal was therefore untimely.

### B.  Subject Matter Jurisdiction

In the case of a removed action, a federal district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

(9th Cir. 1992). Moreover, the Court is required to consider federal subject matter jurisdiction and may raise the issue sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115-16 (9th Cir. 2004).

### 1. Federal Question Jurisdiction

The Court first considers whether the complaint raises a federal question. Federal courts may exercise federal question jurisdiction over an action where (1) a federal right is an essential element of the plaintiff's cause of action or (2) a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Provincial Govt of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (citations omitted); 28 U.S.C. § 1331.

The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); s*ee also Provincial Gov't of Marinduque*, 582 F.3d at 1091 (federal question on which jurisdiction is based must be disclosed on the face of the complaint).

Here, the notice of removal alleges that defendants raised federal claims as affirmative defenses in their answer to plaintiff's unlawful detainer complaint. *See* Not. Removal ¶ 5. The operative complaint, however, alleges a single claim of unlawful detainer arising under state, as opposed to federal, law. *See Deutsche Bank Nat'l Trust Co v. Solih Jora*, No. 10-cv-1617 MCE EFB, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1, 2010) (finding an unlawful detainer action does not arise under federal law, but arises instead under state law). In addition, any assertion of federal claims against plaintiff raised as an affirmative defense in defendants' answer to the state court complaint, or raised in the removal notice, are irrelevant to the determination of whether this action arises under federal law. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (holding a defendant's claims or defenses may not serve as

a basis for removal). Because no federal question is presented on the face of the complaint, defendants' removal fails on this basis as well.

**2. Diversity Jurisidiction**

Where no federal question exists, a court may permit removal where the action is between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441; *see also* 28 U.S.C. § 1332(a). Defendants "bear[] the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996) (citations omitted).

Here, the complaint establishes that Deutsche Bank sought less than $10,000 in the action. RJN, Ex. 1 (caption sets forth "Demand up to $10,000.00"). This amount is well under the $75,000 threshold required for diversity jurisdiction.

Defendant's argument raised in the notice of removal that the amount in controversy may be determined by the value of the subject property is also incorrect. *See* Not. Removal at 5. Because unlawful detainer actions involve the right of possession and not title to the property it is "the amount of damages sought in the complaint, not the value of the subject real property, [which] determines the amount in controversy." *Litton Loan Serv. Inc., LP v. Jesus Villegas*, 10-cv-05478 PJH, 2011 U.S. Dist. LEXIS 8018, at *7 (N.D. Cal. Jan. 21, 2011) (citations omitted).

In addition, where brought on diversity of citizenship grounds, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, defendants removal also fails as it is undisputed that defendants are both citizens of the state of California. RJN, Ex. 1 ¶ 2. Because the amount in controversy does not exceed $75,000 and defendants are citizens of the state in which the action is brought, diversity jurisdiction cannot be established.

//

Case No. 12-cv-01520 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION TO REMAND   5

### III.  CONCLUSION

As the Court lacks subject matter jurisdiction over this action, the Court recommends that the action be REMANDED to state court.  The parties may object to this recommendation within fourteen days of the filing date.  *See* FED. R. CIV. P. 72(a); Civil L.R. 72-2.

IT IS SO ORDERED.

DATED: May 11, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge