United States District Court
For the Northern District of California

1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DEUSTSCHE BANK NATIONAL TRUST, as          No. C 12-00808 WHA
     trustee on behalf of GSAA Home Equity Trust
11   2007-6 Asset-Backed Certificates Series 2007-
     6,
12                                              **ORDER ADOPTING**
                                                **MAGISTRATE JUDGE'S**
13              Plaintiff,                       **RECOMMENDATION**
                                                **AND REMANDING ACTION**
14       v.

15   LORI HEREDIA and GILBERT HEREDIA,

16              Defendants.
                                         /
17

18        On February 21, 2012, *pro se* defendants Lori Heredia and Gilbert Heredia removed this

19   unlawful detainer action to federal court, invoking federal question and diversity jurisdiction.  A

20   motion to remand was filed on May 4, 2012.  This action was reassigned to the undersigned

21   judge on May 15, 2012.  The motion was not renoticed.  Upon reassignment, Magistrate Judge

22   Nathanael M. Cousins issued a referral for reassignment with recommendation to remand the

23   action (Dkt. No. 9).  No objection has been filed to the recommendation.  This order adopts the

24   recommendation to remand.

25        Plaintiff filed this action in state court on May 2, 2011.  The complaint alleges a violation

26   of California Code of Civil Procedure Section 1161a and a demand not to exceed $10,000.

27   "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

28   instance," such that courts must resolve all doubts as to removability in favor of remand.  *Gaus*

**United States District Court**
For the Northern District of California

1   *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing that federal

2   jurisdiction exists is on the party seeking removal.  *Id*. at 566–67.

3          Defendants assert federal-question jurisdiction as one basis for removal.  "The district

4   courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

5   treaties of the United States."  28 U.S.C. 1331.  The complaint does not contain any federal

6   claims.  The complaint contains a single claim for unlawful detainer based on California Code of

7   Civil Procedure Section 1161a.  And an anticipated federal defense is not sufficient to confer

8   jurisdiction.  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.

9   1, 10 (1983).  Thus, there is no basis for federal-question jurisdiction.

10          Defendants also invoke diversity jurisdiction.  Where no federal question exists, a court

11  may permit removal where the action is between citizens of different states, and the amount in

12  controversy exceeds $75,000.  *See* 28 U.S.C. 1441; *see also* 28 U.S.C. 1332(a).  Here, the

13  complaint states that "the demand does not exceed $10,000."  Defendants have failed to meet

14  their burden of putting forward facts to show that the amount in controversy exceeds $75,000.

15  Thus, there can be no diversity jurisdiction.  Because this Court lacks subject-matter jurisdiction,

16  the action is **REMANDED** to the Superior Court for the County of Alameda.  The **CLERK** shall

17  close the case file.

18

19          **IT IS SO ORDERED.**

20

21  Dated:  June 19, 2012.

22                                                                        WILLIAM ALSUP
                                                                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

2