United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUSTSCHE BANK NATIONAL TRUST, as trustee on behalf of GSAA Home Equity Trust 2007-6 Asset-Backed Certificates Series 2007-6,<br><br>    Plaintiff,<br><br>  v.<br><br>LORI HEREDIA and GILBERT HEREDIA,<br><br>    Defendants.<br>                                                / | No. C 12-00808 WHA<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND REMANDING ACTION** |

On February 21, 2012, *pro se* defendants Lori Heredia and Gilbert Heredia removed this unlawful detainer action to federal court, invoking federal question and diversity jurisdiction. A motion to remand was filed on May 4, 2012. This action was reassigned to the undersigned judge on May 15, 2012. The motion was not renoticed. Upon reassignment, Magistrate Judge Nathanael M. Cousins issued a referral for reassignment with recommendation to remand the action (Dkt. No. 9). No objection has been filed to the recommendation. This order adopts the recommendation to remand.

Plaintiff filed this action in state court on May 2, 2011. The complaint alleges a violation of California Code of Civil Procedure Section 1161a and a demand not to exceed $10,000. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id*. at 566–67.

    Defendants assert federal-question jurisdiction as one basis for removal. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. The complaint does not contain any federal claims. The complaint contains a single claim for unlawful detainer based on California Code of Civil Procedure Section 1161a. And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Thus, there is no basis for federal-question jurisdiction.

    Defendants also invoke diversity jurisdiction. Where no federal question exists, a court may permit removal where the action is between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1441; *see also* 28 U.S.C. 1332(a). Here, the complaint states that "the demand does not exceed $10,000." Defendants have failed to meet their burden of putting forward facts to show that the amount in controversy exceeds $75,000. Thus, there can be no diversity jurisdiction. Because this Court lacks subject-matter jurisdiction, the action is **REMANDED** to the Superior Court for the County of Alameda. The **CLERK** shall close the case file.

**IT IS SO ORDERED.**

Dated: June 19, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE